EDWARD T. HEITE vs. LEVICK P. COWGILL.

1. WORK AND·LABOR—MATERIALS.

Where a person is employed to furnish work, labor and materials for another, the person so employed is entitled to recover the stipulated price or, if there is no agreement as to the price, then such a sum as they are reasonably worth.

2. SET-OFF AND COUNTERCLAIM—"RECOUPMENT."

Recoupment is the right of a person, when sued for work and labor by another, having been damaged rather than benefited by the performance of the work, to recoup his damages so as to avoid the trouble and expense of another action, but, in order to give rise to a right of recoupment the defendant must have a valid cause of action for which a separate suit could be maintained, and the damage must not have occurred through defendant's fault, in which case he may recover up to the value of the claim of the plaintiff, but may not have an affirmative judgment for any excess.

3. WORK AND LABOR—ACTIONS—PLEADING—GENERAL ISSUE.

Where, in an action for work and labor, defendant filed a general issue with notice of recoupment, he was entitled to prove his counterclaim, provided it was founded on the same contract and grew out of the same transaction, for the loss or damage sustained by reason of plaintiff's failure or refusal to perform either entirely or properly, in reduction and abatement of plaintiff's claim.

(*April* 27, 1914.)

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.
*Thomas C. Frame, Jr.,* for plaintiff.
*James M. Satterfield* for defendant.
Superior Court, Kent County, April Term, 1914.

SUMMONS CASE (No. 28, February Term, 1913).

Action by Edward T. Heite against Levick P. Cowgill. The facts and contentions appear in the charge of the court. Verdict for plaintiff.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—The plaintiff in this action seeks to recover from the defendant the sum of one hundred and two dollars and seventeen cents, with interest, being the balance claimed to be due and owing for work and labor performed and materials furnished upon and for a certain gasoline engine owned by the defendant and used by him in propelling a boat on Jones River.

The labor and materials claimed to have been furnished for the defendant are particularly mentioned in plaintiff's books of original entry which are in evidence, and which when supplemented by the oath of the plaintiff are taken to be true unless shown to be untrue.

The defense set up by the defendant is what is known in the law as recoupment. That is, he claims that the plaintiff injured his engine more than he benefited it, and is not, therefore, entitled to recover anything in this suit.

The defendant also claims that he is not liable for any part of the bill charged for work, labor and materials furnished in 1911 and 1912 because the plaintiff guaranteed that he would put the engine in good and running condition, which he wholly failed to do.

The plaintiff denies that he made any such guaranty; and moreover he insists that the engine was in good condition long before the defendant removed it from the plaintiff's shop in the following year.

Such in brief are the contentions of the parties.

[1] Where one person is employed by another to perform work and labor and furnish materials for him upon an agreed price, the person so employed is entitled to recover the stipulated price for the work done and materials furnished, if the work done and the materials furnished are in accordance with the agreement. But if there was no agreement as to the price for the work and materials, then the employee is entitled to recover for the same such a sum as they are reasonably worth. If they are worth nothing then there can be no recovery.

[2] But there is another principle of law which we must endeavor to explain, for upon that the defendant mainly relies in this case. It is called recoupment, as we have already stated. In plain language it means that if a person performs work and labor for another, and in its performance damages the other party to an amount as great as the performer claims for his services, there can be no recovery. In such case the defendant is allowed to recoup his damages so as to avoid the trouble and expense of another action.

But the claim or damage to be recouped must be a valid cause of action, for which a separate suit could be maintained, and must not have occurred through the fault or negligence of the defendant.

Whenever the defendant is permitted to submit his claim for damages as a subject of recoupment he assumes the burden of proof in respect to it, and no recovery can be had for any balance or excess. And the defendant will be barred from any other suit or recoupment for such balance or excess over the plaintiff's claim.

The damages allowed a defendant by way of recoupment must be founded on the same contract and grow out of the same transaction under which the plaintiff claims.

[3] In *Woolley on Delaware Practice*, *Volume* 1, § 502, it is said:

"The defendant may be allowed to present and give in evidence, under the general issue with his notice of recoupment, his cross or counterclaim to that of the plaintiff founded on the same contract and growing out of the same business transaction, for such loss and damage incurred by him by reason of the refusal or failure of the plaintiff to perform it entirely or properly, in reduction and abatement of the damages claimed by him."

We say to you, therefore, that if you believe the plaintiff, in furnishing the labor and materials for the defendant's engine, by his negligence damaged the engine to any extent, you should deduct from the sum the plaintiff might otherwise be entitled to recover, the amount of such damages, and if such damage is as great as the sum the plaintiff claims, your verdict should be in favor of the defendant. But you cannot find in favor of the

defendant for any sum even though you believe his damage is greater than the plaintiff's claim.

And while you may allow the defendant damages for any injury to his engine caused by the plaintiff in negligently and unskillfully working on the same, you cannot, under the facts of this case, allow him any other damages.

In conclusion we say that, if you believe the plaintiff performed the labor and furnished the materials for the defendant which he claims to have performed and furnished, your verdict should be in favor of the plaintiff for such sum as the labor performed and the materials furnished were reasonably worth, provided you do not believe that in the performance of the labor and the furnishing of the materials the plaintiff negligently and carelessly injured the defendant's engine. If you are satisfied that the defendant's engine was so injured, you should deduct from the sum that would otherwise be due the plaintiff the amount of such damage. And if the amount of such damage is greater, or as great, as the plaintiff's claim, your verdict should be in favor of the defendant.

All that we have said to you so far in respect to the defendant's claim of recoupment applies only to the plaintiff's charge for labor and materials furnished in the years 1911 and 1912, because it is not contended that the engine was injured by anything the plaintiff did prior to that time. And it is not denied that the plaintiff furnished some labor and materials for the engine before 1911. It will be your duty, therefore, to return a verdict in favor of the plaintiff for at least such sum as you believe the labor performed and the materials furnished by the plaintiff for the defendant in and for his engine prior to 1911 were reasonably worth, less the credit of forty-seven dollars, which was paid prior to 1911.

As to the labor and materials furnished during the years 1911 and 1912, you must be governed by the law as we have stated it.

                                        Verdict for plaintiff.