THOMAS R. CLARINGBOLD, d. b. a., vs. NEWARK GARAGE AND
ELECTRIC COMPANY, p. b. r.

1. WORK AND LABOR—MATERIALS

Where a person is employed to furnish work, labor and materials for
another, the person so employed is entitled to recover the stipulated price,
or, if there is no agreement as to price, then such sum as they are reasonably
worth.

2. SET-OFF AND COUNTERCLAIM—RECOUPMENT.

If a person performing work and labor for another damages the other's
property, the latter may recoup his damages when sued for the work, if the
claim for recoupment is a cause of action maintainable in a separate suit,
but cannot recover for any balance or excess.

3. EVIDENCE—RECOUPMENT—BURDEN OF PROOF.

A defendant setting up a claim for recoupment assumes the burden of
proof in respect to it.

4. BAILMENT—CARE OF PROPERTY.

A person engaged in a given business or occupation impliedly holds
himself out to possess ordinary skill therein; and, if injury occurs to property
intrusted to him, while in his exclusive possession, it is his duty to repair and
make good such damage.

(*November* 18, 1915.)

Judges BOYCE and RICE sitting.
*Robert H. Richards* and *Aaron Finger* for appellant.
*Levin Irving Handy* for respondent.
Superior Court, New Castle County, November Term, 1915.

APPEAL by defendant from judgment of a Justice of the
Peace, No. 28, March Term, 1914.

Action of assumpsit by Newark Garage and Electric Com-
pany against Thomas R. Claringbold, to recover the sum of one
hundred and eighty-five dollars and eighteen cents, with interest,
for work and labor done and materials and supplies furnished.
Verdict for plaintiff.

The facts appear in the charge of the court:

RICE, J., charging the jury:
This is an action of assumpsit brought by the Newark Garage
and Electric Company, the plaintiff, against Thomas R. Claringbold
the defendant, to recover the sum of one hundred and eighty-five

dollars and eighteen cents, with interest from October 25, 1915, for work and labor done and materials and supplies furnished upon and for defendant's two automobiles. The declaration consists of the common counts.

The plaintiff corporation which conducts a garage at Newark, this county, claims that the defendant on or about September first, 1913, engaged it to make repairs to and furnish materials for a certain automobile. That while the repairs were being made on this automobile, the defendant, from time to time, suggested and requested that plaintiff's workmen, engaged in the work, do certain things in connection with the repairs, and also, from time to time, had plaintiff furnish supplies for, and make repairs to his other automobile.

The plaintiff claims that there was no agreement between the parties as to the amount to be paid for the repairs.

The defendant contends that he entered into an oral contract with the plaintiff, through its manager. And under the terms of the contract the plaintiff engaged with the defendant to make the repairs to his automobile for twenty-five dollars or thirty dollars, not more than thirty dollars, and warranted for that amount to put the car in "first-class shape".

The defendant claims that while the repairs were being made under the alleged contract, the plaintiff's workmen negligently broke a certain part of the car, which caused an additional amount of work to be done in repairing this damaged part, for which the defendant was not responsible. The defendant also claims that the plaintiff did not deliver the car to him in "first-class shape", as it had agreed to do under the contract, and contends that the automobile when turned over to him was not in good running order and of little value. The defense briefly stated is that in making the repairs the plaintiff injured, more than it benefited the car, and therefore it is not entitled to recover anything in this action.

We say to you that under the evidence you should find a verdict for the plaintiff; for the amount appearing in the book of original entry of those items, independent of the alleged contract for repairs, for which the defendant admitted he owed the plaintiff.

We will now dismiss from general consideration, the items last referred to, in our statement of the law to you.

[1]  "When one person is employed by another to perform work and labor and furnish materials for him upon an agreed price, the person so employed is entitled to recover the stipulated price for the work done and materials furnished, if the work done and materials furnished are in accordance with the agreement. But if there is no agreement as to price for the work and materials, then the employee is entitled to recover for the same such sum as they are reasonably worth. If they are worth nothing then there can be no recovery.

[2]  "But if a person performs work and labor for another, and in its performance damages the other party to an amount as great as the performer claims for his services, there can be no recovery. In such case the defendant is allowed to recoup his damages so as to avoid the trouble and expense of another action.

[3]  "But the claim or damage to be recouped must be a valid cause of action for which a separate suit could be maintained. *   *   *   Whenever the defendant is permitted to submit his claim for damages, as a subject of recoupment he assumes the burden of proof in respect to it, and no recovery can be had for any balance or excess." *Heite v. Cowgill*, 5 *Boyce*, 197, 91 *Atl.* 652.

If you believe from the evidence in this case that the plaintiff, in furnishing the labor and materials for the defendant's automobile, by its negligence damaged the car to any extent, you should deduct from the sum the plaintiff would be entitled to recover for such labor and materials, the amount of such damages.

[4]  It is a rule of law that a person engaged in a given business or occupation impliedly holds himself out to possess ordinary skill therein; and if injury occurs to property intrusted to him, while in his exclusive possession, it is his duty to repair and make good such damage, and under such circumstances he cannot look to the owner of the property for reimbursement for the expenses thus incurred, unless he affirmatively proves that he was not at fault.

If you should believe from the evidence that the defendant's car was damaged, while in the exclusive possession of the plaintiff, by reason of lack of ordinary skill on the part of the plaintiff's

workmen, in matters concerning which the plaintiff expressly or impliedly held itself out as having ordinary skill, or if you should believe that the car was damaged by the carelessness or negligence of the plaintiff's workmen in repairing the car, you should deduct the amount of such damages if any, from any sum the plaintiff would otherwise be entitled for repairs done and materials furnished.

But on the other hand if you should find that the car was damaged while in the possession of the plaintiff, and further find that such damages were the result of a natural weakness, or due to the worn condition of the part or parts damaged, then under such circumstances the plaintiff would not be responsible for the damages.

If you should believe that there was a contract between the parties, as claimed by the defendant, whereby the plaintiff agreed to put the automobile in question in first-class condition, and to re-deliver the same to the defendant, for a sum not exceeding thirty dollars, then the plaintiff cannot recover for any labor done or materials furnished upon the automobile, or for repairs to the same, unless you should believe that the repairs done and materials furnished were of some advantage or benefit to the defendant, in which case it would be entitled to recover what they were reasonably worth.

If you believe the plaintiff entitled to any amount for work done and materials furnished, in addition to the amount of the items previously referred to and concerning which we stated to you that it was your duty to find for the plaintiff, your verdict should be in favor of the plaintiff for such sum as the work done and materials furnished were reasonably worth, provided you do not believe that in the performance of the work and the furnishing of the materials, the plaintiff carelessly and negligently injured the defendant's automobile. If you should believe that the defendant's automobile was so injured you should deduct from the sum that would otherwise be due the plaintiff, independent of the items above referred to, the amount of such damage.

Verdict for plaintiff.